B. Lance Entrekin (#016172)
**Law Offices of Lance Entrekin**
One East Camelback Road, #550
Phoenix, Arizona 85012
(602) 954-1123/Fax: (602) 265-0372
Email: lance@entrekinlaw.com
Attorney for Defendants James and Janae Jarnagin

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| M & I BANK, FSB, | Civil Case No.: CV 09-2282-PHX-NVW |
| Plaintiff, | |
| v. | |
| TY COUGHLIN and JANE DOE COUGHLIN, husband and wife; BLUE BRICK FINANCIAL, LLC; JAMES JARNAGIN and JANAE JARNAGIN, as husband and wife; TRANSNATION TITLE INSURANCE COMPANY; VICKI COLLIER and JOHN DOE COLLIER, husband and wife; and DOES 1 through 10, | **ANSWER OF DEFENDANTS JAMES AND JANAE JARNAGIN TO SECOND AMENDED COMPLAINT; DEMAND FOR A JURY TRIAL**<br>(Assigned to the Honorable Judge Wake) |
| Defendants. | |

Defendants James and Janae Jarnagin hereby answer as follows.

1. DENY.  Defendants James and Janae Jarnagin ("Defendants") lack information sufficient to confirm.

2. DENY IN PART.  ADMIT that Coughlin took out the loan and bought the property.  DENY he is a citizen of Arizona - on information and belief he is a citizen of Hawaii.

3. DENY.  Defendants lack information sufficient to confirm.

4. ADMIT.

5. ADMIT.

6. ADMIT.

7. DENY.  Defendants lack information sufficient to confirm.

8. DENY.  Defendants lack information sufficient to confirm.

9. DENY.  Defendants lack information sufficient to confirm.

10. DENY.  Defendants lack information sufficient to confirm.

11. DENY that Defendants were a part of any of the agency or quasi agency relationships described.

12. DENY IN PART.  ADMIT as to venue and as to location of the real property.  DENY that the amount in controversy as to these Defendants approaches $75,000 and lack information sufficient to confirm as to other Defendants.

13. DENY, due to lack of information regarding all steps taken by Broker.

14. DENY IN PART.  ADMIT as to represented income, DENY due to lack of information concerning Coughlin's representations as to source of funds.

15. DENY IN PART.  ADMIT as to funding, DENY as to Plaintiff's evaluation process, due to lack of knowledge.

16. ADMIT that the statements in the agreement are accurately reproduced.

17. ADMIT that the statements in the agreement are accurately reproduced.

18. DENY.  Defendants have no information regarding the audit and cannot verify Coughlin's actual income at that time.

19. DENY.  Defendants lack information sufficient to confirm.

20. DENY.  Defendants lack information regarding the extent of Coughlin's falsehoods or Plaintiff's evaluation process.

21. DENY.  Defendants lack information sufficient to confirm.

22. DENY.  Defendants lack information sufficient to confirm.

23. DENY.  Defendants lack information sufficient to confirm.

24. DENY.  Defendants lack foundation regarding Exhibit B and lack information concerning the nature and extent of the business relationship between Transnation, Collier and Plaintiff.

25. DENY IN PART.  DENY that any foundation has been provided for Exhibit B, ADMIT that the attachment is reproduced correctly.

26. DENY IN PART.  DENY that any foundation has been provided for Exhibit B, ADMIT that this is what the attachment says.

27. ADMIT.

28. DENY. Plaintiff requested and received a bank statement proving that Coughlin had good funds in excess of the down payment amount, immediately before the loan was made.

29. DENY. Defendants lack information sufficient to confirm.

30. DENY. Defendants lack information sufficient to confirm.

31. DENY. Defendants lack information sufficient to confirm.

32. Defendants reiterate their prior responses.

33. DENY IN PART. DENY Broker generated or created anything false. ADMIT inaccurate information was submitted by Broker.

34. DENY.

35. DENY. Plaintiff obtained a signed authorization dated February 14, 2008, authorizing them to verify all of Mr. Coughlin's representations. They did nothing in this regard and this is not justifiable reliance.

36. DENY. Defendants lack information sufficient to confirm.

37. Defendants reiterate their prior responses.

38. ADMIT that the contract indicates this.

39. DENY. Defendants lack information regarding what steps Broker took in this regard.

40. DENY.

41. Defendants reiterate their prior responses.

42. ADMIT that this is what the agreement says.

43. DENY. Defendants lack information sufficient to confirm.

44. DENY. Defendants were not a party to these conversations.

45. DENY. Defendants lack information sufficient to confirm.

46. DENY.

47. Defendants reiterate their prior responses.

48. DENY. Defendants lack information as to express warranties apart from the agreement.

49. DENY IN PART. ADMIT Coughlin's income representations were false, DENY as to remainder, due to lack of information.

50. DENY. Defendants have no information regarding Plaintiff's investigation.

51. DENY. Defendants lack information sufficient to confirm.

52. DENY.

53. Defendants reiterate their prior responses.

54. DENY. Defendants lack information sufficient to confirm.

55. DENY. Defendants lack information sufficient to confirm Plaintiff's awareness. Plaintiff obtained a signed authorization dated February 14, 2008, authorizing them to verify all of Mr. Coughlin's representations. They did nothing in this regard and this is not justifiable reliance.

56. DENY.

57. DENY.

58. Defendants reiterate their prior responses.

59. ADMIT that Settlement Agent has a duty to exercise reasonable care.

60. DENY.

61. DENY.

62. DENY.

63. Defendants reiterate their prior responses.

64. DENY IN PART. ADMIT that if Exhibit B's foundation is established, Transnation made contractual commitments, DENY Transnation had unlimited fiduciary duties to an entity that was neither buyer nor seller.

65. DENY. Defendants lack information sufficient to confirm.

66. DENY.

67. DENY.

68. Defendants reiterate their prior responses.

69. DENY IN PART. ADMIT that if Exhibit B's foundation is established, Transnation made contractual commitments, DENY Transnation had unlimited fiduciary duties to an entity that was neither buyer nor seller.

70. DENY. Defendants lack information sufficient to confirm.

71. DENY. Defendants lack information sufficient to confirm.

72. DENY. Plaintiff obtained a signed authorization dated February 14, 2008, authorizing them to verify all of Mr. Coughlin's representations. They did nothing in this regard and this is not justifiable reliance.

73. DENY.

74. DENY.

75. Defendants reiterate their prior responses.

76. ADMIT that if Exhibit B's foundation is established, Transnation made contractual commitments as described.

77. DENY. Defendants lack information concerning Transnation's representations.

78. DENY. Defendants lack information sufficient to confirm.

79. DENY. Defendants lack information sufficient to confirm.

80. DENY IN PART. ADMIT that if Exhibit B's foundation is established, Transnation made contractual commitments as described. DENY remainder, due to lack of information.

81. DENY.

82. Defendants reiterate their prior responses.

83. DENY. This misstates the legal standard; actions that are legitimate and/or required may cause harm to others.

84. DENY. Defendants lack information sufficient to confirm.

85. DENY. Defendants lack information sufficient to confirm.

86. DENY.

87. Defendants reiterate their prior responses.

88. DENY IN PART. ADMIT first two sentences. DENY remainder and any intent to deceive Plaintiff. Defendants agreed to pay a city annexation fee of more than $30,000, which would be assessed by the city during the years after closing, in order to close the deal. The money was for the annexation fee, not to help Coughlin. There was no need to pay Coughlin's down payment, because Coughlin had good funds well in excess of the down payment at the time of closing and Plaintiff was aware of this. Defendants paid the money up front, because Coughlin did not trust them to pay the city annexation fee after the deal closed.

89. DENY. As set forth above, there was no "kickback." Coughlin had good funds well in excess of the down payment at the time of closing and Plaintiff was aware of this, so the remaining statements are false. Furthermore, Plaintiff obtained a signed authorization dated February 14, 2008, authorizing them to verify all of Mr. Coughlin's representations. They did nothing in this regard.

90. DENY.

91. DENY.

92. DENY

93. Defendants reiterate their prior responses.

94. DENY. Defendants agreed to pay a city annexation fee of more than $30,000, which would be assessed by the city during the years after closing, in order to close the deal. The money was for the annexation fee, not to help Coughlin. There was no need to pay Coughlin's down payment, because Coughlin had good funds well in excess of the down payment at the time of closing and Plaintiff was aware of this. Defendants paid the money up front, because Coughlin did not trust them to pay the city annexation fee after the deal closed.

95. DENY. Plaintiff obtained a signed authorization dated February 14, 2008, authorizing them to verify all of Mr. Coughlin's representations. They did nothing in this regard and this is not justifiable reliance.

96. DENY.

97. DENY.

98. Defendants reiterate their prior responses.

99. DENY IN PART. ADMIT as to income, DENY as to contribution.

100. DENY IN PART. ADMIT as to income, DENY as to contribution. ADMIT Coughlin intended to seek the loan.

101. DENY. Coughlin had over $38,000 in good funds in his account at the time of closing and Plaintiff knew this, so the loan would have been made. With regard to income, Plaintiff obtained a signed authorization dated February 14, 2008, authorizing them to verify all of Mr. Coughlin's representations. They did nothing in this regard and this is not justifiable reliance.

1     As the seller, it is not Defendants' responsibility to verify the buyer's income.

2     102. ADMIT.

3     103. DENY.

4     104. DENY.

5     105. Defendants reiterate their prior responses.

6     106. DENY that these Defendants have been unjustly enriched in any fashion.

7     107. DENY.

8     108. DENY.

9     109. Defendants reiterate their prior responses.

10    110. DENY any intent to deceive Plaintiff by these Defendants or any conspiracy. Defendants agreed to pay a city annexation fee of more than $30,000, which would be assessed by the city during the years after closing, in order to close the deal. The money was for the annexation fee, not to help Coughlin. There was no need to pay Coughlin's down payment, because Coughlin had good funds well in excess of the down payment at the time of closing and Plaintiff was aware of this. Defendants paid the money up front, because Coughlin did not trust them to pay the annexation fee after the deal closed.

17    111. DENY.

18    112. DENY.

19    113. DENY.

20    114. DENY.

**AFFIRMATIVE DEFENSES**

115. Defendants assert the affirmative defenses of contributory negligence, estoppel, laches, statute of limitations, waiver and all other affirmative defenses the facts will support.

**DEMAND FOR JURY TRIAL**

116. Defendants, pursuant to Rule 38, FRCP, hereby demand a trial to a jury on all issues so triable.

**PRAYER FOR RELIEF**

       Wherefore, Defendants pray for:

1  A) judgment against Plaintiff and that Plaintiff take nothing;

2  B) attorneys fees;

3  C) costs of suit; and

4  D) such other relief as the Court sees fit to grant.

5  DATED: March 18, 2010        Respectfully Submitted,

/s/ B. Lance Entrekin
Lance Entrekin
Law Offices of Lance Entrekin
One East Camelback Road
#550
Phoenix, Arizona 85012
(602) 954-1123
Fax: (602) 265-0372
Email: lance@entrekinlaw.com

Attorney for Defendants James and Janae Jarnagin

ELECTRONIC COPY MAILED
BY THE ECF SYSTEM AND
HARD COPY MAILED BY
REGULAR MAIL THIS 18TH DAY
OF MARCH, 2010 TO:

Kathleen Weber, Esq.
Larry Folks, Esq.
Folks & O'Connor, PLLC
1850 North Central Avenue
#1140
Phoenix, Arizona 85004