**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M & I Bank, FSB, | No. CV 09-02282-PHX-NVW |
| Plaintiff, | |
| vs. | **ORDER** |
| Ty Coughlin, et al., | |
| Defendants. | |

The parties' recent filings have raised questions that should be addressed ahead of the final pretrial conference.  Certain issues will require a status conference as soon as reasonably possible.

**I.     TREATMENT OF CREDIT BIDS**

M&I's trial brief (Doc. 200) asks this Court to reconsider certain issues relating to damages.  This is a motion for reconsideration, and it is forfeited because not filed within 14 days of the original ruling.  LRCiv 7.2(g)(2).  It will also be denied on its merits.

In the process of resolving Defendants' motion for judgment on the pleadings (in M&I's favor), the Court addressed certain issues related to credit bids.  *See M & I Bank, FSB v. Coughlin*, 805 F. Supp. 2d 858, 865–68 (D. Ariz. 2011).  The Court explained, among other things, that

> [a] beneficiary's credit bid, whether full or partial, is actual
> payment to the beneficiary to the extent of the bid, just as a
> cash bid and payment by a non-beneficiary would be.   A
> beneficiary who bids high, drives out other bidders, and takes

the property for the amount of its bid may not then say it was not really paid because it paid itself too much.

*Id*. at 868.

At summary judgment (granted in M&I's favor as to the liability of certain defendants), it became clear that M&I nonetheless continued to assert damages based on the difference between the outstanding indebtedness and the amount for which M&I *resold* the property *after* taking it through a credit bid at the trustee's sale.  The Court therefore repeated the above-quoted passage and noted that M&I's damages "must be calculated with respect to its credit bid, not the resale price." (Doc. 163 at 14.)

In its recently submitted trial brief, M&I now asserts the this ruling "should be reconsidered." (Doc. 200 at 5.)  Specifically, M&I believes that it should be able to hold non-borrowers liable for the outstanding indebtedness minus the resale value, irrespective of the credit bid.  The following passages from the trial brief illustrate M&I's reasoning:

- "The public policy of calculating a lender's loss from its bid at foreclosure is a protection afforded the borrower and guarantor.  There is no basis to extend such a benefit to third parties for breach of contract and torts, up to and including fraud." (*Id*.)

- "The fiction that the lender actually received funds when it credit bids the property is a fiction of public policy to protect borrowers, not third parties." (*Id*. at 12.)

- "The fiction that the credit bid at foreclosure establishes the final loss to the lender should not be applied to non-borrowers, because the lender is not and cannot seek a deficiency against non-borrowers and non-guarantors.  Moreover, there is no public policy reason to extend such to breaches of contract, breach of fiduciary duty, constructive fraud, negligence, fraud, etc., to third parties." (*Id*. at 13.)

M&I's arguments display certain misconceptions.  Credit bids are not fictions. Credit bids reflect economic reality.  It is the secured lender's election to bid cash or

- 2 -

credit at a trustee's sale, and a cash bid would create pointless round trip transactions. *See M & I Bank*, 805 F. Supp. 2d at 865.   The secured creditor's credit bid is economically identical to any other bidder's cash in the same amount.  A secured lender has the property and value in the amount the lender itself attributed to the property. M&I's request for reconsideration is in error and will be denied.

## II.     ISSUES REQUIRING DISCUSSION

The joint proposed pretrial order (Doc. 199) is rejected.  It raises various issues that are not suitable for jury determination.  However, before requiring a new proposed pretrial order, the Court will hold a status conference to discuss various topics, including:

- Whether economic damages are subject to reasonable dispute, and if not, whether a brief motion under Rule 56(f) should be invited to resolve such damages as a matter of law.
- Availability of comparative fault, apportionment, and like defenses.

Court staff will contact counsel by e-mail shortly to establish a time at which such a status conference can be held.

IT IS THEREFORE ORDERED that the request for consideration in M&I's trial brief (Doc 200), treated as a motion for reconsideration, is DENIED.

Dated this 19th day of April, 2012.

_____
Neil V. Wake
United States District Judge